JOHN KELLAR, Treasurer, *versus* DANIEL SAVAGE & *als.*

It is no defence to a suit on a collector's bond, that the assessment preparatory to issuing the tax list and the warrant accompanying the same, were not signed by the assessors.

The collector is bound to obey a warrant in due form, and issuing from the assessors, though they may not have complied with every requisition of law anterior to issuing it.

In the absence of proof, the Court will presume that the tax list and the warrant for collection were duly signed by the assessors.

Where writings are proper matter of defence, and the adverse party must have understood that they would necessarily come in question, notice to produce them will be dispensed with.

The right of a plaintiff, as treasurer, to sue, can only be contested by plea in abatement.

Town treasurers, though annually elected, being authorized to sue for debts due the town, continue in office *quoad* any suit by them commenced till its termination.

A collector of taxes, having acted in that capacity and given a bond, is estopped to contest the legality of his election.

THIS was debt on a bond given by the defendants to John Dickinson, treasurer of the town of East Machias, the said Savage being the principal therein, and the other defendants sureties for him as collector of taxes in that town, for the year 1834. The condition of the bond appears in the opinion of the Court.

The plaintiff read in evidence from a book termed the Assessors' Book, an assessment of taxes for the year 1834. It did not appear to have been signed by the assessors. He also read from said records a warrant purporting to be signed by the assessors, under date of May 29, 1834, directed to the defendant, Savage, for the collection of said assessment. It also appeared that a warrant, signed by the assessors, and a list of the assessed taxes were entered upon a small book and delivered to the said Savage, about June 1, 1834. It did not appear that the list of assessments thus delivered was signed by the assessors, nor that the warrant referred to the list as being their assessment, nor was there any proof that said list was not signed by the assessors, or that said warrant did not refer to the accompanying list as being the assessment. It was admitted that all the taxes collected had been paid to the county treasurer, except the sum of $213,23.

It appeared that John Dickinson was chosen treasurer for the year 1834.

To prove that the plaintiff was chosen treasurer in 1837, a warrant for a town meeting to be holden the 3d of April, 1837, and the constable's return thereon, was read. The record of this warrant and return was not signed. From an unbound volume the plaintiff read the records of the meeting at which he was chosen treasurer. But in this volume the warrant for the town meeting and the constable's return were not found. The existence of two books of records was explained by the testimony of J. C. Talbot, town clerk, who testified that he usually carried an unbound volume to the town meetings, in which he entered at the time the proceedings of the meeting, and that subsequently he entered at length in the bound volume of records the proceedings of the meetings, together with the warrant and return thereon.

The defendant's counsel objected to evidence to prove the warrant in the hands of Savage to have been signed by the assessors, no notice to produce the warrant having been given.

If, in the opinion of the whole Court, this evidence is sufficient to maintain this action, the defendants are to be defaulted; otherwise, a nonsuit is to be entered.

The case was very elaborately argued in writing.

*Lowell & Dunn,* for the plaintiff, cited *Briggs* v. *Murdock,* 13 Pick. 305; *Welles* v. *Battelle,* 11 Mass. R. 477; *Cotterill* v. *Myrick,* 3 Fairf. 224; *Bucksport* v. *Spofford,* 3 Fairf. 491; *Ford* v. *Clough & al.* 8 Greenl. 334; *Hartwell* v. *Littleton,* 13 Pick. 229; 3 Stark. on Ev. 1250; *Kellar* v. *Savage,* 17 Maine R. 444.

*R. K. Porter,* for the defendant, insisted that there was no evidence that the plaintiff was treasurer at the time of the trial of the cause, which was in 1840; and that the office being annual the suit could not be prosecuted in his name, after the expiration of his term of office. 1 Chit. Pl. 636; *Holton* v. *Cook,* 12 Mass. R. 575; Bul. N. P. 309. There was no sufficient proof that Kellar was ever duly elected treasurer. *Saxton* v. *Nimms,* 14 Mass. R. 320; *Thayer* v. *Stearns,* 1 Pick. 108; *Hartwell* v. *Littleton,* 13 Pick. 229. No sufficient warrant for collecting taxes, duly signed by the assessors, is shown to have been committed to Savage, without proof of which the sureties are not liable. *Foxcroft* v. *Nevins,* 4 Greenl. 72. No book of assessment, duly signed by the assessors, was offered. No evidence was shown that any assessment and valuation was recorded, or a copy deposited in the office of the town clerk. *Blossom* v. *Cannon,* 14 Mass. R. 177; *Thayer* v. *Stearns,* 1 Pick. 482; *Thurston* v. *Little,* 3 Mass. R. 429.

If the tax had been proved to have been legally assessed, and the assessment and valuation recorded, no legal evidence was produced to show a warrant under the hands of the assessors, committed to Savage, as no notice was given to him to produce the original. Rule 35.

The opinion of the Court was by

WHITMAN C. J. — This is an action of debt, on a bond given by the defendants to a former treasurer of East Machias, the said Savage being the principal therein, and the other defendants his sureties, as collector of taxes for the year 1834,

in said town. The condition in the bond is, that said Savage should, well and truly, collect all the *taxes assessed according to his warrant therefor, and pay over all the moneys and sums, which, as such collector, should be collected or received, &c.*; and should faithfully and seasonably, perform all duties to his said office appertaining, as by law provided. The facts are detailed in the report of the Judge who presided at the trial: And the parties agree that, upon consideration thereof, judgment shall be entered, either upon nonsuit or default, as the Court shall consider to be in conformity to the legal rights of the parties.

No question is made but that Savage was duly chosen collector; and if there was, his giving the bond in suit, and his proceeding to act in that capacity might be well deemed sufficient to estop him and his bondsmen from denying the fact.

A great variety of objections are made, by the counsel for the defendants, to the right of the plaintiff to recover. One is, that the assessments, preparatory to the issuing of the tax list, and warrant accompanying the same, were not signed by the assessors. This savors somewhat of technicality, to say the least of it. And if the action were against the assessors for a misfeasance, as the law formerly stood, if not at present, might be available against them. But, in an action against the collector and his bondsmen, the case may be different. The collector might be bound to obey a warrant, in due form, and issuing from a competent tribunal, as the assessors may be deemed to have been, although they might not have complied with every *punctilio* required by law anterior to issuing it. Executions are often issued from judicial tribunals, and before the record of the judgments, under and by virtue of which they might be issued, has been fully extended and signed; but it never was considered or apprehended, that the executive officers, or their bondsmen, could make use of such an omission to excuse themselves from liability for neglecting to execute such precepts. We are therefore satisfied that this exception is not well taken.

Kellar *v.* Savage.

It was denied, at the trial, that the warrant for the collection of the taxes, referred to the tax list, and that the list was signed by the assessors. It seems, however, that no evidence was adduced at the trial to prove or disprove those facts. For the Judge says, "it did not appear, that the list of assessments delivered to the collector, was signed by the assessors, nor that the warrant referred to the list, as being their assessment; nor was there any proof, that the list was not signed by the assessors, or that said warrant did not refer to the accompanying list." In this the Judge must be understood to mean that there was no direct evidence of those facts. There were circumstances, which might tend to render it presumable, that the warrant and list were regularly made. They were in the hands of the collector, Savage. It was in his power to have produced them. From an inspection of them it would have appeared how the fact was. From his not producing them it may be inferred that they were in all respects unobjectionable. His counsel urge that he was not bound to produce them, no notice having been previously given him by the plaintiff for the purpose; but when writings are proper matters in defence, or when the adverse party must have understood that they must necessarily have come in question, notice to produce them may well be dispensed with. The rule of law, relied upon, was adopted to prevent surprise upon a party possessed of documentary evidence, by requiring him to produce it, when he could not reasonably be expected to come prepared with it, if not previously notified, that it would become material. But, in this case, it must be presumed, in the absence of contrary proof, that the assessors had done their duty. This is a presumption which the law makes in favor of all officers charged with the performance of a public trust. It was for the defendants, therefore, if they would counteract such presumption, to have exhibited the warrant and list, confessedly in their possession. Not having done so, there was presumptive evidence that the list and warrant were regularly made out, and duly delivered to the collector.

Kellar *v.* Savage.

It is next objected, that the plaintiff does not appear by the record, to have been duly elected treasurer.   This being an objection to his capacity to sue, if the defendants would have availed themselves of it, they should have pleaded it in abatement, and could not be allowed to take the exception on the trial of the merits.   And, besides, town treasurers, being elected annually, when the Legislature passed an act, authorizing them to sue as such, for debts due to the inhabitants of their towns, it may well be doubted whether it must not be considered, as within the purview of the enactment, that they should be continued in office *quoad* any such suit, until its termination.   They are in the condition of trustees, who are answerable for the funds in their hands, to their sucessors.   If such were not the intention of the Legislature a suit could scarcely be commenced, by any such treasurer, with a reasonable expectation, that the year, for which he might be elected, would not expire before the termination of the suit, and almost certainly, before the satisfaction of any execution, which might be issuable on any judgment, which might be rendered in his favor, could be obtained.   A default therefore, according to the agreement of the parties, must be entered.