STATE OF MAINE

KENNEBEC, ss.


JOHN E. GREENE,

      Petitioner

    v.

MAINE STATE RETIREMENT
SYSTEM, *et al.*,

      Respondents

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-01-65

DH M - KEN - 8/10 2002

**DECISION ON 80C REVIEW**

**DONALD L. GARBRECHT**
**LAW LIBRARY**

**SEP 4 2002**

This matter is before the court on petitioner's petition for review of final agency action under M.R. Civ. P. 80C. In his petition, the petitioner asks the court to vacate a decision of the Board of Trustees of the Maine State Retirement System and to remand the matter to said Board for a determination that the petitioner is eligible for disability benefits and to allow his application for disability retirement to be considered and approved.

John E. Greene was born June 24, 1937. For purposes of retirement, he had 22 creditable years employment with the State of Maine, 18 years of service and 4 years credit for military service. On June 24, 1997, petitioner became 60 years old, the normal retirement age as defined by the Maine State Retirement System statutes, 5 M.R.S.A. § 17001(23). Quoting facts from petitioner's brief, which are undisputed:

> In 1994, the plaintiff experienced congestive heart failure in late March and underwent quadruple bypass surgery shortly after that. Plaintiff returned to work in October, 1994, without restrictions. He worked in a stressful environment at the Augusta Mental Health Institute (AMHI). Although plaintiff took part in a regiment of diet, exercise and a stress management program, his condition worsened. In the Spring of 1998, he was hospitalized for atrial fibrillation. Upon his release from the hospital, he contacted the System by telephone to enquire (sic) about a possible

1

disability pension. . . .

On August 25, 1999, the petitioner applied to the respondent System for retirement benefits. He retired from State service effective August 31, 1999. The first payment of Mr. Greene's monthly service retirement benefit was made on September 29, 1999. On August 31, 1999, the petitioner filed an application for Maine State Retirement System Disability Benefits on the basis of chronic heart failure/syndrome X. On September 3, 1999, without making a determination as to whether or not Mr. Greene became disabled while in the service, the Executive Director of respondent denied Mr. Greene's application for disability retirement benefits. The basis of the denial was 5 M.R.S.A. § 17924. That section provides that a member qualifies for disability retirement benefits if he becomes disabled while in service for the State and, if a member of the Maine State Retirement System is covered under the law as written prior to the amendment by P.L. 1991, ch. 887, § 7, is before normal retirement age. Inasmuch as Mr. Greene had not applied for disability benefits prior to his normal retirement age and he was a person covered under the law prior to the 1991 amendment, he did not qualify for a disability retirement. In addition, under 5 M.R.S.A. § 17654, Mr. Greene had ceased to be a member of the Retirement System once he became a beneficiary as the result of his own retirement. Therefore, the date he applied for disability benefits was also the effective date of his retirement and removal as a member of the Retirement System.

Also relevant to the decision of the respondent is 5 M.R.S.A. § 17812 which provides that a beneficiary may select only one benefit and the beneficiary's election of benefits is final and may not be changed or revoked at a later date. Contained within section 17812 is language which, although not directly relevant to the issues in this case,

2

provides due process language indicative of the frustrations experienced by the petitioner. The statute requires that the beneficiary's election of benefits is final and may not be changed, "...if a beneficiary elects a benefit after receiving reasonable notification of available options from the Retirement System, . . ."

Upon the petitioner's appeal of the decision of the Executive Director with respect to his disability application, a prehearing conference in accordance with procedural rules was held on May 31, 2000. The hearing officer bifurcated the appeal and determined that a final decision would be made on the issue of whether Mr. Greene's appeal was moot, as argued by the respondent, and that decision would be made before considering Mr. Greene's attempts to obtain and provide evidence relating to the "election" issue which is the gravamen of the petitioner's request for relief before this court.

In 1990, the U.S. Government enacted The Older Workers Benefit Protection Act, 104 Stat. 978, 981-982, P.L. 101-433, § 105(c)(2)(A), October 16, 1990, resulting in Maine legislative action 1991 P.L. Ch. 887, § 10 (5 M.R.S.A. § 17941(1)(B)). Because the Retirement System law prior to that date had limited eligibility for disability benefits prior to normal retirement age, age 60, and were only available for 10 years or when those benefits equaled to the normal retirement benefits, they were age-based provisions in violation of the new federal law. However, the federal law allowed employees to make an election as to whether to remain under such a law or to be covered by a non-age-limit disability retirement provision. The Maine Legislature then created such a disability provision not dependent upon age, but the election by the employees contained deadlines. If the employee did not affirmatively elect to move from the age-limit plan to the no-age-limit plan by the April 14, 1993 deadline, the

3

employee remained covered by the age-limit plan. P.L. Ch. 887, § 10 (5 M.R.S.A. § 17941(1)(E) & (2) and section 20). There was no statutory requirement that the employee sign an election form indicating that they chose to remain in the age-limit plan.

This election is the essence of petitioner's request for review because he insists he was not made aware of such an election, he did not participate in such an election, and that by failing to do so and electing the no-age-limit plan, he is statutorily prohibited from having a consideration of his disability retirement application after normal retirement age and after he had selected normal retirement benefits. While, pro se in his petition, he does not articulate the point, he essentially is suggesting that he has been denied a property right without due process of law as he was not given an opportunity to make the election notwithstanding his disability occurring before his normal retirement age. Further, the inability to make an election would violate federal and state law.

The recommended decision of the Board of Trustees was submitted to the Maine State Retirement System Board of Trustees under date of August 18, 2000. In the recommendation, the hearing officer recommended that the Board of Trustees conclude that Mr. Greene's appeal is moot, citing 5 M.R.S.A. § 17803(4), Mr. Greene could not revoke an election of the method of payment of his benefit after payment of the first benefit. In addition, relying upon sections 17654(2) and 17924, once Mr. Greene became a service retiree, he was no longer a member of the System and only members of the System could qualify for disability benefits. The conclusion recommended was that even if the petitioner should prevail on his complaint of his inability to make a timely election of the no-age-limit plan, his election of service retirement is final and therefore

4

the mootness conclusion prevails.

The proceedings after the issuance of the recommended decision become important from a due process viewpoint. By letter August 31, 2000, petitioner asked the respondent to stay further proceedings. The hearing officer responded on September 5, 2000, that, understanding that Mr. Greene sought an opportunity to have his attorney provide input, and because the Board of Trustees would not be able to consider the matter until its October meeting, she would permit Mr. Greene an extension until September 22, 2000, to file comments. By letter dated September 22, 2000, the petitioner requested an additional extension of time. By letter dated September 26, 2000, Mr. Greene was notified by the respondent that the recommended decision was expected to be presented to the Board of Trustees at its meeting on October 12, 2000. He was invited to make a presentation of his position at that time. By letter of October 12, 2000, the secretary to the Board of Trustees of the Maine State Retirement System advised the hearing officer that "at its meeting on October 12, 2000, the Board of Trustees remanded the case of John E. Greene to the Hearing Officer for a hearing on the issue before the Board on the Recommended Decision in this matter dated August 18, 2000. Mr. Greene had requested such a hearing and the staff did not object." It should also be noted that Mr. Greene did not attend the Board of Trustees meeting on October 12 but sent an e-mail message requesting further hearing. On November 7, 2000, the Chair of the Board of Trustees of the respondent issued an order remanding the matter to the hearing officer "for the limited purpose of giving Appellant the opportunity to state on the record why he believes his election of service retirement should not make him ineligible to apply for disability retirement." This is precisely the due process argument which petitioner has propounded throughout this

5

process, including oral argument on this petition.

A case management conference was scheduled for March 20, 2001, on the remand. The meeting was rescheduled for March 22, 2001, both dates having been provided in notices to the petitioner. After multiple e-mails, petitioner wrote to the Board of Trustees a two-page letter under date of May 4, 2001, complaining about the election process, the legislation, the paperwork, and the operation of the Maine State Retirement System. He advised the Board that he was submitting the letter "in lieu of a hearing on this matter and am waiving my right to have a hearing on the issue I am appealing." The Board accepted the letter in lieu of the hearing, ruled that it was in compliance with the order on remand, and requested the hearing officer prepare a revised recommended decision. The hearing officer did so under date of June 18, 2001, again concluding that his appeal is moot. In addition to previous conclusions, the hearing officer provides the following language:

> In addition, when given the opportunity to readdress this issue when the case was remanded to the hearing officer, Mr. Greene did not offer any further arguments on why his election of service retirement should not make him ineligible for disability retirement.

On July 23, 2001, the Board of Trustees of the Maine State Retirement System dismissed Mr. Greene's appeal. In its decision, the Board noted that the issue raised by the petitioner in his written statement submitted after the remand raised a second issue challenging the fairness of the appeal process.

It is undisputable, and the petitioner does not provide a credible argument otherwise, that the statutes prohibit a person in Mr. Greene's position to make application for disability benefits after he has applied for and received normal retirement benefits and therefore no longer becomes a member of the system.

6

However, the real issue before this court is whether the effect of those statutes should be negated in the present case because of actions by the respondent Maine State Retirement System violating the constitutional rights of the petitioner such that he was denied the ability to participate, "elect," the no-age-limit system and therefore not be prohibited by law from making the disability application. The respondent argues that even if petitioner should prevail on the issue of his failure to participate in the election, he had removed himself from membership in the System and therefore not eligible to make the application by his own acceptance of retirement benefits.

Considering the undisputed evidence before this court, was petitioner placed in this untenable position in June of 1997, his normal retirement age, by his failure to have an opportunity to make an election? In other words, even though it is clearly a moot question at this time by operation of statute, is it because of wrongful actions by the respondent affecting the constitutional rights of the petitioner that cause the issue to be moot? Regardless of the fundamental constitutional question, the petitioner's petition must fail for two reasons. First, the court is fully satisfied that the respondent provided the necessary tools to the petitioner's employer to enable him to exercise that election. The record clearly indicates the information and documentation provided to the Bureau of Mental Health, petitioner's employer, including election forms and informational sheets. It was the responsibility of the respondent to notify the employers of the election opportunity and the responsibility of the employers to effectuate the process with their employees. Therefore, the respondent is not the proper party to petitioner's claim for denial of due process.[1]

---

[1] The court notes LOVELY-BELYEA v. MSRS, 2002 ME 138, published this date. Since Greene claims he got no notice, he can't claim late notice with prejudice.

7

Secondly, the petitioner was given explicit opportunity by a vote of the Board of Trustees of the Maine State Retirement System to present his evidence at a hearing called for that purpose before the hearing officer. Mr. Greene not only failed to present such evidence but specifically waived his opportunity to do so. There is no evidence produced by the petitioner to suggest he would not have had an opportunity and the means to obtain the information and evidence necessary to present his point of view at hearing. If there was a flaw in the notification system, and there is some evidence to suggest that the State has acknowledged some employers did not provide full opportunity for election, petitioner was given an opportunity to present it to the Board and to establish a factual record.

There is a presumption of regularity of the acts of public officers implied in these facts. Such a presumption is a disputable mandatory presumption. *Hann v. Merrill*, 305 A.2d 545 (1973) citing *Kellar v. Savage*, 20 Me. 199 (1841). This presumption would require that the burden of going forward with evidence as to regularity falls upon the party claiming irregularity, i.e., Mr. Greene. Numerous e-mails and letters are in the record suggesting that during a period of time when Mr. Greene was given the opportunity to prepare for a hearing, he was in communication with an attorney or attorneys. Any one of those persons would have been in a position to explain how he could acquire the necessary information and evidence to meet his burden of going forward. His failure to participate in the hearing and his failure to present evidence of lack of regularity by the State of Maine, in addition to the waiver as explicitly stated, has put this court in a position where it has no evidence to support Mr. Greene that he was denied an election to change his disability retirement plan. He can only offer hearsay comments from others that they, too, were not able to participate in the election.

8

Therefore, the opportunity to present a record to the Board of Trustees of the Maine State Retirement System to overcome the effect of the statute prohibiting his application for disability retirement prevails and the matter of his appeal before the Board of Trustees is moot.

The entry will be:

Decision of the Board of Trustees of the Maine State Retirement System under Appeal #023-99, John E. Greene, dated July 23, 2001, is AFFIRMED.

Dated: August 16, 2002

Donald H. Marden
Justice, Superior Court

9

Date Filed __9/4/01__ __Kennebec__ Docket No. __AP01-65__
County

Action _____Petition for Review_____

# J. MARDEN

__John E. Greene__                    VS.    __Maine State Retirement System__

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| John E. Greene, Pro Se<br>P.O. Box 129<br>Townhouse Road<br>Lincoln, Maine  04353 | James Bowie, AAG<br>6 State House Station<br>Augusta  ME  04333-0006 |

| Date of Entry | |
|---|---|
| 9/4/01 | Petition for Review of Final Agency Action(M.R.Civ.P. 80C), filed. s/Greene, Pro Se |
| 12/5/01 | Appearance of James Bowie, AAG on behalf of Respondent, filed. s/J. Bowie, AAG |
| 12/14/01 | Certified mail receipt upon Maine State Retirement, filed. |
| 12/17/01 | Certificate of Administrative Record, filed. s/Evans, Executive Director. |
| ------- | Notice of briefing schedule mailed to pltf. and atty of record. |
| 1/17/02 | Motion to Extend Time for Filing Brief, filed. s/J. Green, Pro se Petitioner. |
| 2/28/02 | Plaintiff's Brief with attachments, filed.  s/J. Green, Pro se |
| 3/28/02 | Respondent's Memorandum in Opposition to the Petition for Review, filed. s/Bowie, AAG. |
| 4/11/02 | Plaintiff's Request for Extension for Reply Brief, filed.  s/ J. Greene, Pro se Petitioner. |
| 4/30/02 | Plaintiff's Request for a Second Extension for Reply Brief, filed. s/J.Greene, Pro Se |
| 5/3/02 | PLAINTIFF'S SECOND REQUEST FOR EXTENSION, Marden, J.<br>Motion granted. Time extended to 5/10/02.<br>Copies mailed to Pltf. and atty of record. |
| 5/13/02 | Plaintiff's Reply Brief, filed. s/Greene, Pro Se  (filed 5/10/02) |
| | Notice of setting for_____7/3/02_____<br><br>sent to attorneys of record. |
| 7/3/02 | Hearing had, Hon. Donald Marden Presiding.<br>No courtroom clerk.  Case under advisement. |